THE LAW OFFICES OF ADRIENNE WOODS, P.C.
Adrienne Woods, Esq.
One Penn Plaza, Suite 6153
New York, NY 10119
Telephone: (917) 447-4321
Email: Adrienne@woodslawpc.com

*Counsel to Avery Elizabeth Harken, a/k/a*
*Avery E. Harken Thayer*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| AVERY ELIZABETH HARKEN, a/k/a AVERY E. HARKEN THAYER, | Case No. 13-12954 (SMB) |
| Debtor. | |
| AVERY ELIZABETH HARKEN, a/k/a AVERY E. HARKEN THAYER, | Adversary Proceeding No. 13-01799 |
| Plaintiff, | |
| v. | |
| DEPARTMENT OF EDUCATION FEDLOAN SERVICING and AES/FED LOAN SERVICING | |
| Defendants. | |

**AMENDED COMPLAINT TO DETERMINE DISCHARGABILITY OF STUDENT LOANS**

Avery Elizabeth Harken, a/k/a Avery E. Harken Thayer (the "Plaintiff" or the "Debtor"), by and through her undersigned counsel The Law Offices of Adrienne Woods, P.C., hereby files a complaint for determination that her debt to AES Fed Loan Servicing and the Department of Education Fed Loan Servicing (the "Defendants") is dischargeable (the "Complaint"), and respectfully sets forth as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334(b).

2. The statutory and legal predicates for the relief sought herein are §§ 727(b) and 523(a)(8) of title 11 of the United States Code 101-1532 (the "Bankruptcy Code") and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. The Plaintiff consents to the entry of a final order or judgment by this Court.

5. Venue in this district is proper pursuant to 28 U.S.C. §1409.

## PARTIES

6. The Plaintiff is an individual who resides at 60 Cooper Street, #5A, New York, New York, 10034.

7. The Defendant AES/Fed Loan Servicing is a corporation that conducts business at 1200 North 7th Street, Harrisburg, PA 17102-1419.

8. The Defendant Department of Education Fed Loan Servicing is a corporation that conducts business at P.O. Box 530210, Atlanta, GA 30353-0210.

## BACKGROUND

9. On September 11, 2013, the Plaintiff filed a petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Petition").

10. On October 21, 2013, the Plaintiff amended her Petition to include certain creditors as well as an alias (the "Amended Petition").

### Plaintiff's Student Loan Debt and her Inability to Pay

11. The Plaintiff owes approximately $56,000.00 in student loan debt to several lenders.

12. The Defendants are owed approximately $31,692.63 for monies loaned to the Plaintiff. Plaintiff, however, is unable to pay her debt to the Defendants.

13. Plaintiff incurred the debt to the Defendants when she borrowed the sum of $25,000.00 in order to finance her post-baccalaureate, pre-medical courses in 2009 at Columbia University. The Plaintiff completed two (2) semesters of education toward prerequisites for a Master's program.

14. Plaintiff is a thirty-eight (38) year old who suffers from certain mental illnesses which prevent her from working now and for the foreseeable future. Specifically, Plaintiff suffers from bipolar disorder, which is a permanent condition. Accordingly, it is uncertain when – if ever – the Plaintiff will be able to resume employment.

15. Plaintiff has a history of mental illness. At one time, Plaintiff was able to work in a limited capacity as a marketing consultant and as a massage therapist. Plaintiff grossed between $15,821 and $30,088.00 from employment between 2008 and 2011. In June 2012, however, Plaintiff's illness became more severe, necessitating her hospitalization several times that year for a total of fifty-six (56) days. At this time, the severity of Plaintiff's illness rendered her unable to work. Plaintiff became "disabled" according to a finding of the United States Social Security Administration on June 21, 2012.[2]

16. In 2012, Plaintiff's gross income from employment was $9,472.00, supplemented by $1,467.00 in SSDI for which she continues to be eligible. Plaintiff's current monthly income totals $2,400.43, derived solely from SSDI[3] in the amount of $1,467.00 and supplemented by Plaintiff's mother who provides Plaintiff with approximately $933.43 each month to meet her necessary mortgage and maintenance expenses for her residence.

---

[2] This decision will be reviewed once every three (3) years, with the first review of the initial finding scheduled for 2015.

[3] Plaintiff received approximately $11,736.00 in SSDI payments for 2013 as of the filing of her Petition.

17. As provided in the Petition, Plaintiff's monthly expenses total $2,481.35, and include:

| | |
|---|---|
| Mortgage: | $672.38 |
| Maintenance: | $806.05 |
| Utilities: | $75.00 |
| Telephone: | $30.00 |
| Home Maintenance: | $40.00 |
| Food: | $350.00 |
| Clothing: | $60.00 |
| Laundry: | $20.00 |
| Transportation: | $120.00 |
| Recreation: | $80.00 |
| Homeowner's Insurance: | $67.92 |
| Cigarettes: | $60.00 |
| Personal Care Items: | $100.00 |

These monthly expenses do not include any allowance for unanticipated or unquantifiable expenses. Since the Petition was filed, the Plaintiff's health insurance coverage was terminated. She is now also responsible for monthly medical expenses for vital services and medications. Accordingly, Plaintiff's minimum and reasonable expenses exceed her current monthly income of $2,400.43 by more than $80.92. Given Plaintiff's severe and debilitating mental illness, her financial situation is unlikely to change.

Plaintiff has Made Good Faith Efforts to Repay Her Student Loans

18. Prior to being diagnosed with bipolar disorder, Plaintiff has made good faith efforts to repay her student loans. Plaintiff graduated from college in 1998 with approximately $17,819.00 in student loan debt now owed to Educational Credit Management Corporation ("ECMC"). Since her graduation, Plaintiff repaid at least $8,211.00 of this debt and there remains an outstanding balance of $9,606.00 of the principal.

19. After graduation from college, Plaintiff took out additional student loans totaling approximately $13,318.00 from Sallie Mae to attend massage school. This loan is now held by ECMC. After graduating massage school in 2005, the Plaintiff repaid approximately $2,458.00 of this debt and there remains an outstanding balance of $10,860.45.

20. After repaying her existing student loans for many years, in 2009 Plaintiff decided to pursue additional post-graduate education. Accordingly, in 2009 Plaintiff borrowed approximately $25,000.00 from the Defendants. Plaintiff attended Columbia University for two (2) semesters in 2009 but was unable to continue this program due to the financial burden of her existing debt and was unable to make the minimum monthly payments on this loan. There remains an outstanding balance of $31,692.63, a significant portion of which is interest, and which has continued to accrue interest since 2010.

21. In total, Plaintiff has repaid a total of approximately $10,669.00 of her original $56,137.00 in student loan debt. When her illness became more severe in 2012, however, Plaintiff no longer was able to continue making payments on any of these debts.

22. Plaintiff has attempted to alleviate the burden of her student loan debt and keep her debts in good standing by working with lenders on possible payment options and forbearances, prior to seeking their discharge in this adversary proceeding. In October 2012, Plaintiff was released from the hospital and contacted each of her lenders, including the Defendants which offered Plaintiff forbearance on her debt. Accordingly, Plaintiff's payment obligations to the Defendants are postponed until March 6, 2014. Interest, however, continues to accrue on the debt at a rate of 5.6-6.8% per annum. The forbearance provided by the Defendants no longer provides the Plaintiff with a viable option for repayment of the debt at issue as her financial and medical conditions are unlikely to improve and interest on her student loans continues to accrue.

23. After filing her Petition, Plaintiff made additional attempts to renegotiate her student loans with each of her lenders in light of her disability. Plaintiff found lenders to be unresponsive and/or unwilling to negotiate any change in terms. At this time, she is unable to provide even modest payments while maintaining a minimal standard of living and providing for her reasonable and necessary basic living expenses.

24. In light of Plaintiff's current financial situation, her good faith attempts to repay the student loan debt, and her ongoing disabling mental condition which has persisted for approximately a year and a half and will continue indefinitely, discharge of the Plaintiff's student loan debt is her only hope of maintaining a minimum standard of living and rebuilding her financial condition and is justified under these circumstances.

### Count I – Declaratory Relief

25. The Plaintiff repeats each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26. The Defendants' claim is based upon an educational loan made by a governmental unit, or made under a program funded in whole or in part by a governmental unit.

27. Excepting the Defendants' claim from discharge will impose undue hardship on the Plaintiff which is likely to continue for a significant period of time.

28. The debt owed to the Defendants is dischargeable pursuant to 11 U.S.C. §§ 727(b) and 523(a)(8).

**WHEREFORE,** the Plaintiff requests that the Court enter a judgment:

(i) declaring that the Plaintiff's debt to the Defendants is dischargeable;

(ii) enjoining the Defendants from taking any action to collect on the Plaintiff's debt; and

(iii) ordering any further relief as is just and proper.

Dated: New York, New York
March 1, 2014

THE LAW OFFICES OF ADRIENNE WOODS, P.C
**s/Adrienne Woods**
Adrienne Woods, Esq.
One Penn Plaza, Suite 6153
New York, New York 10119
Telephone: (917) 447-4321
Email: Adrienne@woodslawpc.com

*Counsel to Avery Elizabeth Harken, a/k/a Avery E. Harken Thayer*